**Mark RILEY, Appellant**

**v.**

**COMMONWEALTH of Kentucky, Appellee**

**NO. 2014–CA–001285–MR**

Court of Appeals of Kentucky.

RENDERED: DECEMBER 4, 2015, 10:00 A.M.

BRIEF FOR APPELLANT: Samuel N. Potter, Assistant Public Advocate, Frankfort, Kentucky

BRIEF FOR APPELLEE: Jack Conway, Attorney General of Kentucky, Ken W. Riggs, Assistant Attorney General, Frankfort, Kentucky

BEFORE: COMBS, J. LAMBERT, AND THOMPSON, JUDGES.

## OPINION

J. LAMBERT, JUDGE:

Mark Riley appeals from a Kenton Circuit Court judgment convicting him of first-degree bail jumping and being a second-degree persistent felony offender. He claims that the trial court erred in excluding his testimony. Because the claim is unpreserved, we affirm.

After being indicted by a grand jury on a felony charge in August 2011 (No. 11–CR–00525–002), Riley was released on condition that he appear for trial on March 29, 2012. When he failed to show up, he was charged with first-degree bail jumping and being a second-degree persistent felony offender.

At trial, the parties agreed to stipulate that Riley had been indicted for a felony in August 2011, and the trial court informed the jury of the stipulation. The deputy circuit court clerk for Kenton County testified about the contents of Riley's bond release sheet, which required him to appear at future court proceedings. She also authenticated a video of Riley's January 30, 2012, pretrial conference at which his trial date of March 29, 2012, was set. This video was viewed by the jury. The secretary of the judge presiding over the earlier case testified about the contents of a docket sheet which showed that Riley's trial was scheduled for March 29, 2012.[1] She testified that Riley failed to appear on that date, and that the court had issued a bench warrant.

Riley insisted on testifying on his own behalf, against his counsel's objection and the trial court's warning regarding the dangers of testifying. His attorney proceeded to ask him what he would like to tell the jury about the case. Riley stated:

> I didn't show up. I am sure that you're smart enough to conclude that I made a bad decision based on thinking that I was innocent of the charges. I just had a son maybe one or two years old, I was scared to death that I would get wrong-

---

1. The present case and the prior case for which Riley failed to appear were assigned to the same division.

fully convicted and I wouldn't see him again.

The Commonwealth objected on the grounds that the testimony was unresponsive and irrelevant. The trial court sustained the objection and told counsel to move to the next question. Riley went on to testify that he was scared to leave his child, and "I made a bad decision, that's about all." He then described the medical problems he was experiencing at the time, explaining that he had trouble walking because he had been shot in his right leg, shattering his femur, and that he was receiving monthly treatment in Cincinnati. He also stated he had not been convicted of the then-pending felony charges in the earlier case. The Commonwealth objected on the grounds of relevancy, and the trial court again sustained the objection.

The jury found Riley guilty of both charges and recommended a sentence of one year, enhanced to five. The trial court entered a final judgment in accordance with the jury's recommendation, and this appeal followed.

■ The sole issue on appeal is whether Riley was denied his right to present a defense when the trial court sustained the Commonwealth's objections to his testimony.

Our standard when reviewing a question of admissibility of evidence is whether the trial court abused its discretion. *Johnson v. Commonwealth*, 105 S.W.3d 430, 438 (Ky.2003). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999).

■ Riley argues that his testimony should not have been restricted as being nonresponsive because he was trying to explain his conduct to the jury. He fur-ther argues that his testimony was relevant as it helped to clarify his mental state and intent. He contends that he was prevented from telling the jury his side of the story, thereby undermining fundamental elements of his theory of defense. But "a party must offer an avowal *by the witness* in order to preserve for appellate review an issue concerning the exclusion of evidence." *Commonwealth v. Ferrell*, 17 S.W.3d 520, 525 (Ky.2000) (emphasis in original).

Riley never offered an avowal, nor did he specify by any other means the content of the testimony he wished to offer that was excluded by the trial court upon the Commonwealth's objections. This is not altogether surprising, because his trial counsel understandably opposed his decision to testify. The testimony Riley did give was allowed into evidence because the trial court did not admonish the jury to disregard it.

Under Kentucky Rules of Evidence (KRE) 103(a), "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected; and ... [i]f the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." The Kentucky Supreme Court has emphasized that this rule is not a mere technicality or trap for the unwary, citing the 1992 Commentary to the Kentucky Rules of Evidence, which noted that offers of proof and avowals serve to *"provide a record sufficient for an appellate court to review decisions concerning the admissibility of evidence."* *Hart v. Commonwealth*, 116 S.W.3d 481, 483 (Ky.2003) (emphasis in original).

■ In order to determine whether the exclusion of evidence was prejudicial, "the

record must contain sufficient information for this Court to assess the harm stemming from the trial court's ruling. 'Prejudice will not be presumed from a silent record.' *Id.* citing *Baze v. Commonwealth,* 965 S.W.2d 817, 824 (Ky.1997).

Riley has provided us with absolutely no information regarding the proposed testimony. A decision in his favor

> would require us to assume that there was a substantial possibility the jury would have reached a different verdict if the evidence had not been excluded. We decline to engage in such guesswork without the actual evidence before us. "Without an avowal, or a crystal ball, reviewing courts can never know with any certainty what a given witness's response to a question would have been if the trial court had allowed them to answer. Appellate courts review records; they do not have crystal balls."

*Id.* at 483–84 (internal citations omitted).

Accordingly, we affirm the Kenton Circuit Court's judgment because Riley's claim is not preserved for appellate review.

ALL CONCUR.